**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **CESAR DAVID RODRIGUEZ,** | § | |
| **TDCJ # 1526147,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-15-CV-80-KC** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Cesar David Rodriguez, a state prisoner at the French M. Robertson Unit in

Abilene, Texas, challenges, in a petition for a writ of habeas corpus under 28 U.S.C. § 2254

(ECF No. 4),[1] Respondent William Stephens's custody over him based on a robbery conviction

in the 243rd Judicial District Court of El Paso County, Texas.[2]  Rodriguez argues that errors by

the trial court, prosecutor, and trial counsel establish his actual innocence.  Stephens counters, in

an opposed motion to dismiss (ECF No. 15), that Rodriguez "fails to meet the standard necessary

to establish his actual innocence, he cannot overcome the limitations bar, and his petition should

be dismissed with prejudice."[3]  After reviewing the record and for the reasons discussed below,

the Court finds that Rodriguez has not established his actual innocence, his claims are time

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in this cause.  Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] *State v. Rodriguez*, Cause No. 20080D00906 (243rd Dist. Ct. El Paso Cnty., Tex. May 29, 2008).

[3] Resp't's Mot. Dismiss 11, ECF No. 15.

barred, and he is not entitled to equitable tolling. The Court will accordingly deny Rodriguez's petition. It will additionally deny Rodriguez a certificate of appealability.

**BACKGROUND AND PROCEDURAL HISTORY**

On February 4, 2008, in Canutillo, El Paso County, Texas, Rodriguez and two associates surrounded a woman as she walked to a store and demanded her money. After the victim claimed she had no cash, Rodriguez directed an accomplice to take a ring from her finger. When the victim could not remove the ring, she managed to escape, run to a store, and call the police. The police later caught Rodriguez, and the victim identified him as a person who had tried to rob her.

A grand jury returned an indictment charging Rodriguez with two alternative theories of robbery. Paragraph A alleged Rodriguez intentionally or knowingly caused bodily injury to another. Paragraph B alleged Rodriguez intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death.

The trial jury determined Rodriguez was not guilty of robbery under Paragraph A, but he was guilty of robbery under Paragraph B. The jury further found Rodriguez's two prior felony convictions true, and assessed punishment at thirty-five years' imprisonment. The Eighth Court of Appeals affirmed Rodriguez's conviction, and the Texas Court of Criminal Appeals refused Rodriguez's petition for discretionary review on November 17, 2010.[4] Rodriguez did not seek certiorari.

After the conclusion of his direct appeals, Rodriguez filed four state writ of habeas corpus applications. Rodriguez submitted his first application on February 13, 2012, which the Court of

---

[4] *Rodriguez v. State*, No. 08-08-00223-CR, 2010 WL 2163848 (Tex. App.—El Paso May 28, 2010, pet. ref'd).

Criminal Appeals denied without written order on April 25, 2012.  Rodriguez submitted a second state writ application on July 23, 2014, which the Court of Criminal Appeals dismissed as a subsequent application on September 10, 2014.  Rodriguez submitted a third application on October 8, 2014, which the Court of Criminal Appeals dismissed as a subsequent application on December 10, 2014.  Rodriguez raised actual innocence claims in a fourth state writ application filed on November 24, 2014, which the Court of Criminal Appeals dismissed as a subsequent application on January 21, 2015.

Mindful of Rodriguez's *pro se* status,[5] the Court understands him to now assert he is actually innocent because (1) the trial court abused its discretion by denying his motion to suppress the impermissibly suggestive identification made of him by the victim; (2) the State subjected him to double jeopardy when it indicted him with an unreasonable multiplication of charges; (3) the prosecutor knowingly relied on an indictment which contained an unreasonable multiplication of charges and never made an election as to the actual nature of the offense; (4) the trial court lost its jurisdiction once the jury found him not guilty of robbery, as described in Paragraph A; (5) the trial court erred when it denied his motion for a directed verdict; and (6) the defense counsel provided constitutionally ineffective assistance when he failed to move for a mistrial after the jury found him not guilty of robbery under Paragraph A, object to the multiplicious indictment, and argue the State had subjected him to double jeopardy.

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[6] and the writ of habeas corpus is "an

---

[5] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers).

[6] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

extraordinary remedy"[7] reserved for those petitioners whom "society has grievously wronged."[8] It "is designed to guard against extreme malfunctions in the state criminal justice system."[9] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow.  "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[10]  They must generally defer to state court decisions on the merits[11] and on procedural grounds.[12]  They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[13]

Furthermore, claims under § 2254 are subject to a one-year statute of limitations.[14]  The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from

---

[7] *Id.*

[8] *Id.* at 634.

[9] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[10] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[11] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[12] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[13] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[14] *See* 28 U.S.C. § 2244(d)(1) (2012) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[15]

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[16]   "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery . . . ."[17]

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . the. . . expiration of the statute of limitations."[18]   However, "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[19] Moreover, "in making an assessment 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."[20]

---

[15] *Id.* §§ 2244(d)(1)(A)–(D).

[16] *Id.* § 2244(d)(2).

[17] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

[18] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).

[19] *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

[20] *Id*. (quoting *Schlup*, 513 U.S. at 332).

Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[21]  Equitable tolling is not, however, available for " 'garden variety claims of excusable neglect.' "[22]  It is justified only " 'in rare and exceptional circumstances.' "[23]  Such circumstances include situations in which a petitioner is actively misled by the respondent " 'or is prevented in some extraordinary way from asserting his rights.' "[24]  Further, " '[e]quity is not intended for those who sleep on their rights.' "[25]  Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' "[26]  A petitioner has the burden of proving his entitlement to equitable tolling.[27]  In order to satisfy his burden, he must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his petition.[28]  Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court"

---

[21] *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[22] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[23] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[24] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[25] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[26] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[27] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[28] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

-6-

and reviewed only for an abuse of discretion.[29]  The limitation and the tolling provisions of §
2244 "promote[] the exhaustion of state remedies while respecting the interest in the finality of
state court judgments."[30]

     With these principles in mind, the Court turns to Rodriguez's petition.

**ANALYSIS**

     As an initial matter, Rodriguez does not indicate that an unconstitutional "State action"
prevented him from filing for federal relief.[31]  Further, his claims do not concern a constitutional
right recognized by the Supreme Court and made retroactive to cases on collateral review.[32]
Furthermore, his claims were clearly discoverable, through the exercise of due diligence, well
within a year after his conviction became final.[33]  Thus, Rodriguez's limitations period began to
run when his judgment of conviction became final.[34]

     A judgment becomes final when the applicable period for seeking direct review expires.[35]
After the Texas Court of Criminal Appeals refused Rodriguez's petition for discretionary review
on November 17, 2010, he had ninety days to petition for a writ of certiorari in the Supreme

---

[29] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[30] *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (quoting *Duncan v. Walker*, 533 U.S. 167,
178 (2001)).

[31] 28 U.S.C. § 2244(d)(1)(B).

[32] *Id.* § 2244(d)(1)(C).

[33] *Id.* § 2244(d)(1)(D).

[34] *Id.* § 2244(d)(1)(A).

[35] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d
536, 536–37 (5th Cir. 2000) (per curiam).

-7-

Court of the United States.[36]  Rodriguez did not seek certiorari.  Thus, his conviction became

final, and the limitations for a § 2254 petition began to run, on February 25, 2011.[37]  Absent

periods of statutory tolling, the limitations period expired one year later, on February 25, 2012.[38]

       "The time during which a properly filed application for State post-conviction or other

collateral review . . . is pending [does] not count toward any period of limitation under this

subsection."[39]  Rodriguez's properly-filed initial application for state habeas relief tolled the

limitations from February 13, 2012, the date he filed it, until April 25, 2012, the date the Court of

Criminal Appeals denied it.[40]  As Rodriguez had twelve days remaining to file his federal petition

on he day filed his first state writ application, he had until May 7, 2012, to timely-file a federal

petition.  Because Rodriguez filed his three subsequent state applications long after the

limitations expired, they did not further toll the limitations period.[41] Consequently, when

---

    [36] Sup. Ct. R. 13.1 (providing ninety days to seek certiorari to review a judgment entered by a state court of last resort).

    [37] *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

    [38] *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in 28 U.S.C. §2244(d)).

    [39] 28 U.S.C. § 2244(d)(2).

    [40] *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) (holding that a state petition for habeas relief is "pending" for tolling purposes from the day it is filed until the day it is resolved).

    [41] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired") (emphasis in original).

Rodriguez filed his instant § 2254 petition on March 19, 2015,[42] it was almost three years too late.

In his petition, Rodriguez maintains his "actual innocence."[43]  As noted above, "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . the. . . expiration of the statute of limitations."[44]  " '[A]ctual innocence' means *factual* innocence, not mere legal insufficiency."[45]  A petitioner establishes his actual innocence when he " 'shows, as a *factual* matter, that he did not commit the crime of conviction.' "[46]  A petitioner must support his allegation with new, reliable evidence that was not presented at trial, and he must show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[47]  Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.[48]

Rodriguez does not claim, as a factual matter, that he did not commit the crime of

---

[42] Rodriguez executed his petition in "March 2015."  See Pet'r's Pet. 11, ECF No. 4.  The Court will use the date the District Clerk received the petition, March 19, 2015, for its analysis of the timeliness of Rodriguez's petition.

[43] Pet'r's Pet 7, ECF No. 4.

[44] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).

[45] *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)) (emphasis added).

[46] *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995)).

[47] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

[48] *Id.* at 324; *Sawyer*, 505 U.S. at 340.

conviction.  Moreover, he does not present new evidence which "persuades the district court that
. . . no juror, acting reasonably, would have voted to find him guilty beyond a reasonable
doubt."[49]  His claims simply pertain to alleged procedural errors which he could have raised at
the time of his trial.  Consequently, Rodriguez fails to meet the standard necessary to establish
his actual innocence and he cannot overcome the limitations bar.

Rodriguez argues his " 'substantial claims' of ineffective assistance of counsel that
occurred at trial [should] toll a procedural default."[50]  Ineffective-assistance-of-trial-counsel
claims generally do not present the type of extraordinary circumstances required for equitable
tolling.[51]  "Equitable tolling applies principally where the plaintiff is actively misled by the
defendant about the cause of action or is prevented in some extraordinary way from asserting his
rights."[52]  Nothing in the record suggests the State misled Rodriguez.  Furthermore, "[i]n order
for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief."[53]  In this
case, Rodriguez has failed to show he diligently pursued his claims as he waited nearly three
years after the Texas Court of Criminal Appeals denied his first writ application to file his federal
petition.  "[E]quity is not intended for those who sleep on their rights."[54]  Accordingly, the Court

---

[49] *McQuiggin*, 133 S.Ct. at 1928.

[50] Resp. Mot. Dismiss 1, ECF No. 19.

[51] *Howland v. Quarterman*, 507 F.3d 840, 845–46 (5th Cir. 2007).

[52] *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[53] *Coleman*, 184 F.3d at 403.

[54] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

finds that Rodriguez has not carried his burden of establishing that equitable tolling is warranted.[55]

The Court, therefore, concludes that Rodriguez's petition is time-barred, that he is not entitled to equitable tolling, that it need not address the merits of his claims, and that it should grant Stephens's motion to dismiss..

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[56]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[57]  In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[58]  Although Rodriguez has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[59]

---

[55] *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (explaining the party seeking equitable tolling has burden of showing entitlement to such tolling).

[56] 28 U.S.C. § 2253(c)(1) (2012).

[57] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[58] *See* 28 U.S.C. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[59] *See* 28 U.S.C. foll. 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

-11-

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[60]  In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[61]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[62]  Here, Rodriguez is not entitled to a certificate of appealability because reasonable jurists would agree with the Court's conclusions that Rodriguez's petition is time-barred, that he fails to meet the standard necessary to establish his actual innocence, and that he is not entitled to equitable tolling.

## CONCLUSION AND ORDERS

After carefully reviewing the record, and for the reasons stated above, the Court concludes that Rodriguez's petition is time-barred, and that he is not entitled to § 2254 relief. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Respondent William Stephens's motion to dismiss (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Cesar David Rodriguez's petition under 28

---

[60] 28 U.S.C. § 2253(c)(2).

[61] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[62] *Id*.

U.S.C. § 2254 for a writ of habeas corpus (ECF No. 4) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

      **IT IS ALSO ORDERED** that Petitioner Cesar David Rodriguez is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

      **IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

      **IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

      **SO ORDERED.**

      **SIGNED** this 5th day of October 2015.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

-13-